UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

MICHAEL E. BOSSE,

Petitioner,

vs.

MR. RAMIREZ/WARDEN, MRS. STARR, DIRECTOR OF IDAHO DEPARTMENT OF CORRECTION,

Respondents.

Case No. 1:21-cv-00256-BLW

**INITIAL REVIEW ORDER**

Petitioner Michael E. Bosse has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. (Dkt. 3.) Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each newly-filed habeas corpus petition to determine whether it should be served upon the respondent, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the Petition, the Court concludes that Petitioner may proceed to the next stage of litigation in this matter on his first claim only.

## REVIEW OF PETITION

### 1. Background

Petitioner pleaded guilty to and was convicted of one count of lewd conduct with a minor after being charged in a criminal action in the Fourth Judicial District Court in Ada County, Idaho. He was sentenced to twelve fixed years of imprisonment. Petitioner filed a direct appeal and a post-conviction action with an appeal. Ultimately unsuccessful in overturning his conviction and sentence in state court, Petitioner now petitions the federal court for habeas corpus relief.

### 2. Law Governing Exhaustion of State Court Remedies

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now

available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered to have been "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

### *A. Traditional* **Coleman** *Cause*

Ordinarily, to show "cause" for a procedural default, a petitioner must prove that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). To show "prejudice," a petitioner must demonstrate "not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

A petitioner does not have a federal constitutional right to effective assistance of counsel during state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general

rule is that any errors of counsel during a postconviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

### *B.* Martinez *Cause*

A limited exception to the *Coleman* rule exists in *Martinez v. Ryan*, 566 U.S. 1 (2012). That case held that inadequate assistance of post-conviction review (PCR) counsel or lack of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. To show ineffective assistance of PCR counsel, Petitioner must show that the defaulted ineffective assistance of trial counsel claims are "substantial," meaning that the claims have "some merit." *Id.* at 14. To show that each claim is substantial, Petitioner must show that trial counsel performed deficiently, resulting in prejudice, defined as a reasonable probability of a different outcome at trial. *Id.*; *see Strickland v. Washington*, 466 U.S. 668, 695-96 (1984).

The *Martinez v. Ryan* exception applies only to defaulted claims of ineffective assistance of trial counsel; it has not been extended to other types of claims. *See Davila v. Davis*, 137 S. Ct. 2058 (2017) (holding that *Martinez* is not applicable to claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (holding that *Martinez* is not applicable to a defaulted *Brady* claim).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

**3. Discussion**

Federal habeas corpus relief is a very narrow remedy. In the Petition for Writ of Habeas Corpus, Petitioner raises three claims. Only his first claim is cognizable: ineffective assistance of trial counsel for failing to recognize the State's breach of the plea agreement and file a motion to withdraw the guilty plea. (*See* Dkt. 3, 3-1.)

Petitioner's second claim is based on "Idaho Supreme Court error," which, in his own words, is grounded on an improper dismissal of "my U.P.C.R. petition because the public defender refused to retract my plea of guilty, from the request of the supreme appellate public defender & myself." (Dkt. 3-1, p. 62 (verbatim).) He further asserts that the Idaho Supreme Court did not give him notice of the intent to dismiss the post-conviction appeal, nor did it make a reasonable determination of the facts in his case, violating his federal constitutional rights.

Petitioner's third claim also challenges state law post-conviction procedures. He alleges that Idaho Code § 19-4901, governing unified post-conviction/collateral attack procedures, violated his due process rights. (Dkt. 3-1.) Petitioner particularly asserts that it is unconstitutional for the Supreme Court to refuse to permit him to supplement his counseled appellate briefs with pro se briefing, because that prohibition forecloses his ability to raise the claims later on federal habeas corpus review. *Id*.

Neither claim is cognizable. Habeas corpus is not the proper avenue to address errors in a state's post-conviction review process. *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), *cert. denied*, 493 U.S. 1012 (1989). In *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1981), the court explained:

> [I]nfirmities in the state's post conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction [citation omitted]. . . . There is no federal constitutional requirement that the state provide a means of post-conviction review of state convictions. . . . Errors or defects in the state post-conviction proceeding do not, ipso

> facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. Even where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since [such a] claim . . . represents an attack on a proceeding collateral to detention of appellant and not on the detention itself.

*Id*. at 143-44.

This is not necessarily the end of the underlying claims that Petitioner was foreclosed from bringing in state court. Petitioner is free to amend his habeas corpus petition to include those substantive claims and omit the claims focused on errors in post-conviction proceedings. To meet one of the exceptions that permits the court to hear the merits of his defaulted claims, he will need to show either traditional *Coleman* cause and prejudice, *Martinez* cause and prejudice (ineffective assistance of trial counsel claims only), or that he is actually innocent.

Petitioner may amend his Petition within 30 days after entry of this Order. If Petitioner does not amend his Petition during that 30-day period, the Clerk of Court will serve the original Petition upon Respondents, who will be permitted to file an answer or a pre-answer motion for summary dismissal regarding only Claim 1.

**4. Petitioner's "Motion Requesting 3 Federal Subpoenas for Inquiry of Information as per Fed.R.Civ.P 45"**

Petitioner requests that the Court issue subpoenas so that he can gather evidence to support his claims. (Dkt. 4.) He desires to take the deposition of his public defenders, Ian

Thompson and Marco DeAngelo, or require them to appear at an evidentiary hearing, "to disclose the truth about their actions in my plea bargain agreement process." (*Id*., pp. 1-2.) This subject matter appears relevant to Claim 1, which was decided on the merits by the Idaho Supreme Court.

The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA), amending Title 28 U.S.C. § 2254, substantially narrowed a habeas petitioner's ability to bring forward new evidence in habeas corpus matters. Habeas petitioners, unlike traditional civil litigants, are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Generally, the merits of the claims in a federal habeas corpus petition are decided on the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011); 28 U.S.C. §225(e)(2).

There are rare circumstances in which the state court record may be supplemented by new factual development in federal court, such as: (1) when a state court did not decide a claim on the merits, and the claim is properly before the federal court; (2) when the state court factual determination was unreasonable; (3) when a petitioner wishes to show cause and prejudice in a procedural default setting; or (4) when a petitioner is trying to show actual innocence to overcome a procedural default or statute of limitations issue.

If a petitioner desires to bring new evidence on federal habeas review that has not been presented to the state courts, *and* he failed to develop the factual basis of the claims in state court because of "lack of diligence or some greater fault, attributable to" him or

his counsel, then he must meet the requirements of § 2254(e)(2). *Williams v. Taylor*, 529 U.S. 420, 432 (2000). If he is not at fault for failing to present the evidence to the state courts, he can present the evidence on federal habeas corpus review without meeting the requirements of § 2254(e)(2).[1] *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004).

However, § 2254(e)(2) is not applicable to gateway procedural issues, such as showing cause and prejudice or actual innocence to overcome a procedural default issue. *Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002); *Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001). As a result, Petitioner needs to show only good cause to be entitled to discovery on those issues. *See* Rule 6(a) of the Rules Governing Section 2254 Cases. Good cause exists when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks and alteration omitted).

To show good cause, a request for discovery must be supported by specific factual allegations. Habeas corpus review "was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (internal quotation marks omitted). If good cause is shown, the extent and scope of discovery is within the court's discretion. *See* Habeas Rule 6(a).

[1] Section 2254(e)(2) requires that a petitioner show that his claims are based either on a new retroactive rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence, *and* that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *See* § 2254(e)(2)(A)&(B).

Unless Petitioner can show meet the standards above, he cannot obtain subpoenas to take depositions. If the Court later determines that new evidence is permitted, then the Court may appoint counsel for Petitioner to take depositions or may hold an evidentiary hearing. Presently, his request will be denied.

Petitioner also requests that the Court issue a subpoena to the Fourth Judicial District Court to obtain a copy of "the plea deal agreement application, as it proves my burden of proff [sic]." (Dkt. 4, p. 2.) At this point, a subpoena is unnecessary, because Respondent will provide relevant parts of the state court record as a matter of course in this action. After Petitioner reviews those records, he may request expansion of the record with additional state court records he deems relevant if he does not have them in his possession. Presently, this request will also be denied.

**ORDER**

**IT IS ORDERED:**

1. Petitioner may file an amended complaint within **30 days** after entry of this Order to assert any claims he desired to, but could not, bring in state court.
2. After the 30-day amendment deadline has passed, the Clerk of Court shall serve (via ECF) a copy of the amended petition, or if no amended petition is filed, then the original petition (Dkt. 1), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondents, at Mr. Anderson's registered ECF address.

3. Petitioner's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.
4. Petitioner's Motion Requesting 3 Federal Subpoenas for Inquiry of Information as per Fed.R.Civ.P 45 (Dkt. 4) is denied without prejudice.

DATED: August 23, 2021

B. Lynn Winmill
U.S. District Court Judge