UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. BOSSE,<br><br>                Petitioner,<br><br>vs.<br><br>WARDEN TYRELL DAVIS,<br><br>                Respondent. | Case No. 1:21-cv-00256-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is Respondent Tyrell Davis's Motion for Summary Dismissal and several motions filed by Petitioner Michael E. Bosse in this habeas corpus action. Having reviewed the parties' briefing, the Court enters the following Order.

## CONSIDERATION OF MOTION TO DISMISS

### 1. Introduction

      On April 26, 2016, Petitioner was charged with four counts of lewd conduct with a minor under sixteen, under Idaho Code § 18–1508, for engaging in sexual acts with a minor between 2005 and 2009. The victim, S.L., was between nine and twelve years old at the time. At the beginning of the case, Petitioner was assigned public defender Ian Thompson, who represented him through the change of plea phase. Petitioner pleaded

**MEMORANDUM DECISION AND ORDER - 1**

guilty to one charge in order to have three charges dismissed under a plea agreement with the prosecution.

Just before sentencing, Mr. Thompson, who allegedly was suffering from a brain tumor condition, withdrew from representation. Public defender Marco DeAngelo was appointed to represent Petitioner. Judge Michael Reardon, who presided over the case in the Fourth Judicial District Court in Ada County, Idaho, imposed a unified sentence of thirty years, with the first twelve years fixed. *See* State's Lodgings A-1, pp. 10-70; C-2, pp. 5-24.

Petitioner was represented by counsel on direct appeal. He was also appointed different counsel after he filed a pro se post-conviction petition. Neither appeal was successful. Petitioner did not agree with the limited claims his appellate counsel chose for direct appeal. But he was aware of his right to discharge counsel and pursue a pro se appeal (and thereby select his own issues to present), but he chose not to do so. *See* State's Lodgings B-6 to B-9; C-1 to D-8; Dkt. 14, p. 15.

Petitioner next filed a pro se Petition for Writ of Habeas Corpus in federal court. Only one claim presented was determined to be cognizable – that trial counsel Marco DeAngelo was ineffective "for failing to recognize the state's breach of the plea agreement and file a motion to withdraw the guilty plea." Dkt. 3.

Petitioner was permitted to file a second amended complaint to attempt to state other cognizable claims in this action. *See* Dkts. 11 to 14. The Court construed the

MEMORANDUM DECISION AND ORDER - 2

Second Amended Petition as a supplement to the original Petition. Dkts. 14, 15. However, because the claims in the Second Amended Petition were extremely hard to decipher and the Court did not have the state court record before it, the Court did not screen the Second Amended Petition, but ordered Respondent to file an answer or pre-answer motion.

2. **Consideration of Procedural Default Defense**

   A. *Factual Background*

   Respondent found Petitioner's claims "vague, conclusory, and unintelligible" and asserted that the best way to determine whether any of them was properly exhausted in the state court system is to review those claims that *were* exhausted, and determine whether the federal claims in this matter mirror those claims. Dkt. 26-1, p. 13. By the process of elimination, all claims not fully and fairly presented to the Idaho Supreme Court would be deemed procedurally defaulted. The Court agrees with that path.

3. **Standard of Law**

   Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a

particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Id.* at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner ordinarily must demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

**MEMORANDUM DECISION AND ORDER - 4**

The general rule on procedural default is that any errors of a defense attorney during a post-conviction action *cannot* serve as a basis for cause to excuse a petitioner's procedural default of his claims. *See Coleman*, 501 U.S. at 752. This rule arises from the principle that a petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id.* at 14. In the ten years since *Martinez*, federal district courts have permitted habeas Petitioners to develop evidence in federal court for the limited purpose of demonstrating cause and prejudice to excuse procedural default, with the end result in mind that the evidence could be used to support the merits of the claim if procedural default was overcome. *See Dickens v. Ryan*, 740 F.3d 1302, 1320-21 (9th Cir. 2014) (en banc).

**MEMORANDUM DECISION AND ORDER - 5**

However, in *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), the United States Supreme Court reined in federal habeas corpus evidentiary development altogether—no matter its purpose—holding that 28 U.S.C. § 2254(e)(2) must be met before any new evidence can be used. In *Ramirez*, the Court held "that, under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record[1] based on ineffective assistance of state postconviction counsel." *Id*. at 1734. Instead, "a federal court may order an evidentiary hearing or otherwise expand the state-court record only if the prisoner can satisfy § 2254(e)(2)'s stringent requirements."1 *Id*. at 1735.

Addressing the procedural default setting, the Court acknowledged that "there is no point in developing a record for cause and prejudice if a federal court cannot later consider that evidence on the merits," and that where a petitioner cannot meet § 2254(e)(2), a "*Martinez* hearing would serve no purpose," providing "reason to dispense with *Martinez* hearings altogether." *Id*. at 1738–39. This same reasoning applies to attempts to introduce evidence without an evidentiary hearing.

*Ramirez* reiterated *Holland*'s holding that post-conviction counsel's fault in failing to produce evidence to support a claim in state court is attributable to their clients and does not satisfy 28 U.S.C. § 2254(e)(2). *Id*. at 1735–36. This clarification closes the door on

---

[1] *See Ramirez,* 142 S. Ct. at 1738 (citing *Holland v. Jackson*, 542 US. 649, 653 (2004) (per curiam)). "*Martinez* did not prescribe largely unbounded access to new evidence whenever postconviction counsel is ineffective," the *Ramirez* Court clarified. *Id*. at 1737.

**MEMORANDUM DECISION AND ORDER - 6**

many petitioners' arguments and ability to overcome the procedural default of ineffective assistance of trial counsel claims.

Now, a petitioner must make a § 2254(e)(2) showing before being permitted to engage in discovery for the purpose of overcoming procedural default. Section 2254(e)(2) provides that, "[i]If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim" unless he meets several stringent elements set forth in § 2254(e)(2)(A)(i) or (ii) and (e)(2)(B). The statutory phrase "failure to develop the factual basis of a claim" means that "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id*. at 437.

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that,

based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

### B. *Discussion*

The Court now turns to an examination of Petitioner's appellate proceedings to determine which claims were presented to the Idaho Supreme Court. The claims in the original Petition and Second Amended Petition that do not match up to claims presented to the Idaho Supreme Court will be deemed procedurally defaulted.

In his direct appeal, Petitioner raised only an excessive sentence claim. State's Lodging B-3. The Idaho Court of Appeals interpreted the issue under state law. State's Lodging B-6. Petitioner raised the same issue in his petition for review before the Idaho Supreme Court. State's Lodging B-7. Comparing that claim to those asserted here, the Court concludes that no claim in the original or Second Amended Petition presents a similar sentencing claim. Therefore, the Court agrees that Petitioner did not exhaust any of his current habeas claims on direct appeal.

**MEMORANDUM DECISION AND ORDER - 8**

Next is a review of the post-conviction appeal. At the beginning of that state collateral matter, Petitioner filed a pro se petition for post-conviction relief that was difficult to discern. The State identified 21 claims in the petition and sought summary judgment on all of them. The state district court granted summary judgment to the State.

On appeal from the denial of post-conviction relief, Petitioner raised only one issue: whether he had alleged sufficient facts to establish an ineffective assistance of counsel claim that Mr. DeAngelo refused to file a motion to withdraw the guilty plea. State's Lodging D-1, p. 2. The Idaho Court of Appeals determined that Petitioner's entire claim consisted of one sentence: "I wanted to retract my guilty plea, but [trial counsel] said I cant [sic], no!" State's Lodging D-4, p. 5 (quoting State's Lodging C-1, p. 40). The Court of Appeals concluded that this statement did not properly raise an ineffective assistance of counsel claim. State's Lodging D-1, p. 5. Petitioner failed to "allege or support his claim with evidence that he was prejudiced by the absence of a motion to withdraw his guilty plea." *Id.*, p. 6. Petitioner raised this claim in his petition for review to the Idaho Supreme Court, which declined to grant the petition for review. State's Lodging D-6.

Here, Petitioner's original Petition contains a claim that, liberally construed, matches the ineffective assistance claim that the Idaho Court of Appeals rejected, that Mr. DeAngelo failed to file a motion to withdraw the guilty plea. Dkt. 3, p. 6. Respondent argues that Petitioner's claim is procedurally barred because, on post-conviction appellate

**MEMORANDUM DECISION AND ORDER - 9**

review, the claim was rejected as procedurally. In other words, providing facts sufficient to establish the elements of the claim is a pleading requirement; such facts must be included in the post-conviction petition or attachments to the petition. *See* I.C. § 29-4903; *McKay v. State*, 225 P.3d 700, 703 (Idaho 2010) ("The district court may grant the State's motion for summary dismissal of a petition for postconviction relief when the applicant's evidence raises no genuine issue of material fact."); Idaho Code § 19-4906(c) (same). For ineffective assistance of counsel claims, a petitioner must provide evidence raising the existence of a material issue of fact as to whether counsel's performance was both deficient and prejudicial to survive summary dismissal. *Kelly v. State*, 236 P.3d 1277, 1282 (Idaho 2010).

      This Court concludes that the standard for pleading post-conviction claims is similar to the standard used for the merits on post-conviction review; therefore the Idaho Court of Appeals' opinion can be interpreted as denying the claim on the merits for failing to meet the elements of the claim. Petitioner drafted his own post-conviction petition pro se, and his appointed counsel did not amend the petition, and thus the claim proceeded in bare fashion to district court review and appellate review. The Court will construe the contents of the post-conviction petition liberally, finding that it asserts deficient performance (the failure to file a motion to withdraw the guilty plea) and prejudice (that the guilty plea was never withdrawn so that he could obtain a better plea bargain agreement or a better sentence after trial, which are obvious consequences that a

petitioner who desires his guilty plea to be withdrawn would assert). However, without having pleaded any facts showing deficient performance or prejudice in the state court, the claim fails on the merits here, because he is not permitted to bring forward new evidence to support the claim in federal court without meeting 28 U.S.C. § 2254(e)(2), as described above in the Standard of Law section. The Court will conditionally summarily deny this claim on the merits, but will provide Petitioner with opportunity to respond.

Petitioner may not proceed to the merits of any other cognizable claims raised in the Second Amended Petition, because he failed to present them to the Idaho Supreme Court. In the Second Amended Petition (Dkt. 12), Though the Second Amended Petition is difficult to decipher and filled with repetitious allegations, the Court has identified the following claims—all of which are procedurally defaulted because they do not match any claim presented to the Idaho Supreme Court as discussed above:

- Petitioner cryptically speaks of "twelve key issues" that he desired to bring on direct appeal. However, his appellate counsel told him to wait and raise them on post-conviction review. Dkt. 14-3.

- Petitioner asserts that Mr. Thompson, his first trial counsel, had a brain tumor and was unable to function as counsel. Dkt. 14-3, p. 12.

- Petitioner asserts that the Idaho public defense system is unconstitutional, because public defenders do not have enough time to spend on each defendant. His public defenders were overloaded and spent only a minimal amount of time with Petitioner. Mr. Thompson made an appointment to see him four times, but actually came only twice. Mr. DeAngelo saw him three to four times for a half-hour visit each time and had multiple clients— enough to fill up four benches in the courtroom. Plaintiff cites a recent study showing that public defenders spent less than ten percent of the time required to provide proper representation. Dkt. 14-3, p. 20-22.

**MEMORANDUM DECISION AND ORDER - 11**

- Petitioner asserts that Judge Reardon and the court reporter falsified transcripts in his criminal case. Dkt. 14-3, p. 3. He says that transcript records were erased and cut and pasted together. Petitioner asserts that Judge Reardon was biased against him, which prejudiced his defense. Dkt. 14-3, p. 24. p. 25-26. Petitioner says that the judge had many angry outbursts in open court, but those were deleted from the transcript. He asserts that the judge was rude, angry, and incompetent and should have recused himself. Direct appeal counsel refused to include this claim in the appeal briefing. Dkt. 14-4, p. 2-.5

- Petitioner asserts that the prosecution used "false discovery" and that there was false information in the presentence investigation (PSI) report. Petitioner asserts that Mr. Thompson abandoned him as a client and did not investigate the factual matters in the PSI for sentencing. As a result, the judge quoted lies from the false discovery and read into the record evidence from sources unknown to Petitioner. Dkt. 14-5, p. 19-21.

- Petitioner asserts that the judge did not ask if Petitioner's plea was voluntary and not the result of force, threats or promises other than what was promised in the plea agreement. Dkt. 14-5, p. 3.

- Petitioner asserts that a plea agreement was never reached between the parties. Dkt. 14-4, p. 16. Petitioner asserts that he agreed to five years, not ten years, as a minimum sentence. He asserts that his counsel prepared a written offer to enter into a plea agreement for five years, but that document has never been produced by the attorneys. Because a plea agreement was never reached, he asserts, there is no factual or legal basis for his change of plea. *Id*.

- Petitioner alleges that Mr. DeAngelo hated him and would not assist him. The judge punished Petitioner for negative statements DeAngelo made about Petitioner at sentencing.

- Petitioner claims that his direct appeal counsel filed a motion to override his own pro se motion, and that he never authorized her to do so. Dkt. 14-5, p. 24.

- Petitioner asserts a claim of "manifest injustice," which is not a cognizable federal habeas corpus claim. Dkt. 14-4, p. 22.

As the above review of Petitioner's state appellate matters shows, he did not properly exhaust any of these other claims before raising them in federal court. Even if the Court missed some of his claims in his Second Amended Petition, no other claims were presented to the Idaho Supreme Court to decide. Hence, all of the claims in the Second Amended Petition are procedurally defaulted. As the standard of law above shows, Petitioner must make a showing of cause and prejudice or actual innocence to proceed on those claims. Respondent gave Petitioner notice of the correct standards of aw governing these issues. Dkt. 26-1, pp. 16-18.

### 4. Discussion of Cause and Prejudice

Unless Petitioner can establish cause and prejudice for the default of his other claims, they must be dismissed as procedurally defaulted. Petitioner asserts that his direct appeal counsel was ineffective for failing to bring his claims on direct appeal. However, because he did not bring a claim of ineffective assistance of direct appeal counsel before the Idaho Supreme Court or make a separate showing of cause and prejudice for the default of the direct appeal counsel ineffectiveness claim, he cannot use that argument to excuse the default of his other claims here. *See Edwards v. Carpenter*, 529 U.S. 446 (2000).

Alternatively, Plaintiff is responsible for the default of his claims. He admits that he could have discharged his counsel and presented his "twelve key issues" and any other

claim on his own on direct appeal. However, he chose not to do so. Thus, the cause of the procedural default is himself.

Petitioner also asserts that that post-conviction counsel erred in failing to raise certain claims. This excuse likewise fails, because counsel's decisionmaking is attributed to Plaintiff. *See Ramirez*, 142 S.Ct. at 1733. The Court sees no other facts in the record that might function as cause to excuse the default of Petitioner's claims.

    5. **Discussion of Actual Innocence (the miscarriage of justice exception)**

The other way to excuse a procedural default is to make an adequate showing of actual innocence, such as by credible declarations of guilt by another, *see Sawyer*, 505 U.S. at 340, trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331 or exculpatory scientific evidence, *see Pitts*, 85 F.3d at 350-51. The record does not reflect that Petitioner is actually innocent of the four claims in the charging documents, and he admitted to some of the lewd conduct in his change-of-plea hearing. *See* State's Lodging C-2, pp. 18-21. Accordingly, he cannot excuse the procedural default of his claims by claiming actual innocence.

## PLAINTIFF'S MOTIONS

Plaintiff has filed a "Motion to Review and Submit," asking that the Court perform a detailed review of the entire supplemental pleading. The 119-page pleading is an amalgamation of miscellaneous factual allegations and repetitive claims. The Court has reviewed the Second Amended Petition and gleaned the claims mentioned above. The

Court has not mentioned the noncognizable claims. And, even if the Court did not identify every claim Petitioner has asserted in the Second Amended Petition, the state appellate proceedings were very narrow, and Petitioner has been permitted to proceed on the single claim in the habeas pleadings that matches one of the claims raised in his state court appeal. The Motion will be granted in part, because the Court has now reviewed the pleading, as Plaintiff asked, but denied in part, to the extent that Petitioner seeks to proceed on procedurally defaulted claims.

Petitioner also has filed a "Motion to Unseal Form or Release the Prisoner." Dkt. 36. Petitioner continues to assert that a document he describes as a Rule 11 worksheet and signature page once existed but that it has been hidden or destroyed by Respondent or the prosecutor. The Court has already informed Petitioner that Respondent cannot be compelled to produce what it does not have. *See Dkt*. 33. Petitioner has failed to provide a declaration of his counsel or the prosecutor to verify that the document once existed, or to produce any document referring to the missing document. In short, there is nothing showing that the document ever existed. The Motion will be denied.

Petitioner has filed a "Motion to Enter Memorandum." Dkt. 40. This motion requests the unavailable document again. For the reasons stated directly above and in the Order at Docket no. 33, the Motion will be denied.

**MEMORANDUM DECISION AND ORDER - 15**

Petitioner has filed a "Motions to Review and Submit This Statement of Material Facts that are in Dispute." Dkt. 38. This document is more appropriate to a merits review, which is the next stage of proceedings. This motion will be denied as premature.

A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pleaded in the complaint, the court does not have the authority to issue an injunction." *Pacific Radiation Oncology v. Queen's Medical Center*, 810 F.3d 631, 633 (2015). Importantly, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *LeBoeuf, Lamb, Greene & MacRae, LLP. v. Abraham*, 180 F.Supp.2d 65, 69-70 (D.D.C. 2001) (motion for preliminary injunctive relief must be denied where the complaint involves facts, legal issues, and parties different from those presented in the motion).

Petitioner's claims center on retaliation and failure to protect him from a risk of serious bodily injury in the prison. These claims sound in civil rights, not habeas corpus. The claims cannot be heard in a habeas corpus action, because the Court has limited jurisdiction, as provided by statute, to review a state prisoner's conviction and sentence. *See Ashley v. Singh*, No. 2:13-CV-1126 TLN (AC), 2013 WL 3968134, at *2 (E.D. Cal. July 25, 2013) (denying injunctive relief seeking to address conditions of confinement in an action for a writ of habeas corpus); *cf. Badea v. Cox*, 931 F.2d 573, 574 (9th Cir.

**MEMORANDUM DECISION AND ORDER - 16**

1991) (explaining differences between habeas and civil rights remedies). Therefore, the Court has no authority in this habeas action to address civil rights claims in any manner. The Motion will be denied.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal is GRANTED in part and CONDITIONALLY GRANTED in in part. Petitioner may respond within 30 days after entry of this Order to show that he is entitled to relief on his claim that Mr. DeAngelo rendered ineffective assistance of counsel when he "refused to file a Motion to Withdraw Guilty Plea after being requested to do so." *See* State's Lodging D-1, p. 2; Dkt. 3 p. 7. Respondent may file a reply to Petitioner's response within 21 days after the response is filed.

2. To the extent that Petitioner raises other ineffective assistance of counsel claims against Mr. DeAngelo, they are procedurally defaulted and DISMISSED with prejudice. All claims in the original Petition are DISMISSED with prejudice as noncognizable, except the one upon which Petitioner is proceeding. All claims in the Second Amended Petition are DISMISSED with prejudice.

3. Petitioner's Motion to Review and Submit (Dkt. 34) is GRANTED in part, because the Court has now reviewed the Second Amended Petition, and DENIED

in part, to the extent that Petitioner seeks to proceed on procedurally defaulted claims.

4. Petitioner's Motion to Unseal Form or Release the Prisoner (Dkt. 36) is DENIED.

5. Petitioner's second Motion to Review and Submit (Dkt. 38) is DENIED.

6. Petitioner's Motion to Enter Memorandum (Dkt. 40) is DENIED.

7. Petitioner Motion for Emergency Injunction (Dkt. 43) is DENIED.

8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9. No discovery shall be undertaken in this matter unless a party makes a showing under 28 U.S.C. § 2254(e)(2) and obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED: January 4, 2023

B. Lynn Winmill
U.S. District Court Judge